JUDGE MARRERO

15 CV 02916

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FYC APPAREL GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNICOLORS, INC., <br><br> Defendant. | Civil Action No. <br><br> COMPLAINT FOR DECLARATORY JUDGMENT <br><br> ECF CASE <br><br> RECEIVED APR 15 2015 U.S.D.C. S.D.N.Y. CASHIERS |

Plaintiff, FYC Apparel Group LLC (hereinafter "FYC" or "Plaintiff"), by and through its undersigned attorneys, for its Complaint against Defendant, Unicolors, Inc. (hereinafter "Unicolors" or "Defendant"), alleges as follows:

## NATURE OF ACTION

1. This is an action for declaratory judgment which arises under the copyright laws of the Unicolors States, 17 U.S.C. § 101, *et seq*. By this action, Plaintiff seeks a declaration that they have not infringed upon the claimed copyright rights of Unicolors, as set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the Copyright Act, 17 U.S.C. § 101, *et seq*. and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

3. This Court has diversity jurisdiction over this dispute under 28 U.S.C. §1332 since this dispute exceeds $75,000 and is between citizens of different states.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this is an

1

action brought pursuant to the Copyright Act, Defendant conducts business in this judicial district, and a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

5. FYC is a corporation organized and existing under the laws of the State of Connecticut, with an office, showroom and place of business located in the heart of New York's Garment District at 1412 Broadway, New York, New York 10018.

6. FYC has been registered to do business in the State of New York and has done business in New York's Garment District for many years.

7. FYC conducted its business in the wholesale apparel industry, selling, marketing and/or promoting clothing to retail establishments that sell to the public.

8. Upon information and belief, FYC is the wholesale supplier of the products alleged to infringe Defendant's copyright rights as asserted herein.

9. Upon information and belief, Unicolors is a corporation organized and existing under the laws of the State of California within a place of business at 3251 East 26th Street, Vernon, California 90058.

10. Upon information and belief, Unicolors is in the business of importing and selling woven, printed and knitted fabrics originating from Asia to its customers in the Unicolors States and in New York.

11. Upon information and belief, Unicolors is doing business in the State of New York and within this district, transacts business within the State of New York and within this district, derives revenue from intrastate and interstate commerce, and Unicolors is otherwise within the jurisdiction of this Court.

12. Since FYC and Unicolors each regularly transact business in the State of New York and within this judicial district, jurisdiction in the Southern District of New York is appropriate for adjudication of the claim(s) brought herein.

## FACTUAL BACKGROUND

13. Unicolors is the purported owner of a copyright in design artwork ("Unicolors's Design") shown as part of the attached Exhibit A.

14. On or about August 27, 2014, FYC and its customer Dressbarn, Inc. (hereinafter "Dressbarn") both received a letter with enclosures from Unicolors's counsel, Trevor Barrett of the firm Doniger Burroughs.

15. In the letters, Mr. Barrett asserts, *inter alia*, that FYC and Dressbarn are "advertising, marketing and selling garments that infringe [Unicolors's] rights" in the Unicolors's Design which "has been registered with the United States Copyright Office." Mr. Barrett's letters also demand that FYC and its customer "immediately **cease and desist** from all sales of any garments bearing the subject design." A copy of the letters from Mr. Barrett and the accompanying enclosures, which include a "faithful reproduction" of the Unicolors's Design and a photograph of the accused garment, are attached hereto as Exhibit A.

16. Although Mr. Barrett's letters state that the Uniocolors's Design has been registered with the United States Copyright Office, no registration number or copy of a registration certificate have been provided.

17. Upon information and belief, the Unicolors Design is so basic and unoriginal as to not constitute a work that is protectable in copyright.

18. Upon information and belief, Unicolors learned of the sale of FYC's garments

through the sale, offer for sale, advertising, marketing and/or promotional activities of Plaintiff.

19. Upon information and belief, Unicolors objects to all sales, offers for sale, advertising, marketing and/or promotional activities by FYC which relate to accused garments that allegedly incorporate the Unicolors's Design.

20. Upon information and belief, Unicolors objects to all advertisements, marketing and promotional materials which contain and/or relate to accused garments that allegedly incorporate the Unicolors's Design.

21. Upon information and belief, Unicolors's explicit demand that FYC and its customer "immediately cease and desist from all sales of any garments bearing the subject design" also includes an implied demand that FYC cease and desist from all advertising, marketing and promotional activities that promote the sale of garments incorporating the accused design.

22. By virtue of the foregoing, FYC is compelled to seek a declaration from this Court that they do not infringe Defendant's copyright rights and/or that Defendant's asserted rights are invalid and/or unenforceable.

## COUNT I
### DECLARATION OF INVALIDITY, UNENFORCEABILITY AND/OR NON-INFRINGEMENT UNDER THE COPYRIGHT ACT

23. Plaintiffs repeats and realleges each allegation contained in paragraphs 1 through 21 as if set forth in full herein.

24. An actual controversy has arisen and now exists between Plaintiff and Unicolors concerning whether Plaintiff has infringed Unicolors's copyright rights.

25. Plaintiff has advertised, marketed, offered for sale and sold the clothing alleged by Defendant to have infringed its copyright rights.

26. Plaintiff believes and alleges that their clothing products do not infringe upon any valid copyright rights of Defendant.

27. Plaintiff alleges that Defendant's purported copyright rights are invalid and/or unenforceable.

28. By virtue of the foregoing, Plaintiff desires a judicial determination of the parties' rights and duties with respect to the copyright rights asserted by Unicolors.

29. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A. For judgment declaring that Defendant's copyright rights are invalid, void, unenforceable and/or not infringed by the clothing product(s) sold by Plaintiff;

B. Awarding Plaintiff's costs, expenses and reasonable attorneys' fees as permitted by law; and

C. Awarding Plaintiff such other and further relief as the as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

**STERN & SCHURIN LLP**
Attorneys for Plaintiff
410 E. Jericho Turnpike
Mineola, New York 11501
Telephone: (516) 248-0300
Facsimile: (516) 283-0277

By: _____
Steven Stern (SS 5203)
sstern@sternschurin.com
Richard S. Schurin (RS 0199)
rschurin@sternschurin.com

Dated: March 11, 20145
Mineola, New York